UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| MICHAEL WALDROP, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| SCHLUMBERGER TECHNOLOGY | § | CASE NUMBER CV14-392 |
| CORPORATION, a foreign profit | § | _____ |
| Corporation, M-I SWACO (a.k.a. | § | |
| M-I LLC), a foreign Limited | § | |
| Liability Company, and | § | |
| LEONEL LUJAN, | § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

COMES NOW, Defendants Schlumberger Technology Corporation ("Schlumberger"), and M-I L.L.C. d/b/a/ M-I Swaco ("M-I") ("Defendants"), who submit the following Answer and Affirmative Defenses, beginning with their response (without waiving any affirmative or other defenses) on a paragraph-by-paragraph basis to the allegations in Plaintiff's First Amended Complaint. [1]

**Answer to Complaint**

As an initial matter, Defendants deny each and every allegation of the first unnumbered paragraph of the Plaintiff's First Amended Complaint, except that Defendants admit that Plaintiff has filed this lawsuit but, answering further, assert that Plaintiff has no valid cause of action.

---

[1] Defendants aver that they were never served with the original complaint and out of an abundance of caution, deny all allegations contained therein.

1.

Defendants lack sufficient information to admit or to deny the allegations in Paragraph 1 of Plaintiff's First Amended Complaint and, therefore, deny the same.

2.

Defendants admit the allegations in Paragraph 2 of Plaintiff's First Amended Complaint.

3.

Defendants admit that M-I LLC is the correct name of the entity and M-I Swaco is a d/b/a.  Defendants further admit that M-I is a foreign corporation and its registered agent is properly stated.  Defendants deny the remaining allegations in Paragraph 3 of Plaintiff's First Amended Complaint.

4.

Defendants admit that Leonel Lujan is an employee of M-I, but deny the remaining allegations in Paragraph 4 of Plaintiff's First Amended Complaint.

5.

Defendants admit that Plaintiff and Defendants performed work and/or conducted business in Eddy County, New Mexico.  Plaintiff's statement that venue is proper is a legal conclusion that Defendants are not required to admit or deny.  Defendants deny the remaining allegations in Paragraph 5 of Plaintiff's First Amended Complaint.

6.

Defendants admit that Plaintiff was previously employed by M-I and performed work in New Mexico, including in Eddy County, but deny the remaining allegations in Paragraph 6 of Plaintiff's First Amended Complaint and/or lack of sufficient information to form a belief as to the truth of those allegations and therefore deny same.

7.

Defendants admit that Plaintiff has worked shifts while employed by M-I that could be twelve (12) hours long, but deny the remaining allegations in Paragraph 7 of Plaintiff's First Amended Complaint and/or lack of sufficient information to form a belief as to the truth of those allegations and therefore deny same.

8.

Defendants admit that M-I provided Plaintiff with a company truck, but deny the remaining allegations in Paragraph 8 of Plaintiff's First Amended Complaint.

9.

Defendants admit that there were living quarters available without charge at the rig where Plaintiff was working in December 2013.  Defendants deny the remaining allegations in Paragraph 9 of Plaintiff's First Amended Complaint and/or lack sufficient information to admit or deny those allegations and therefore deny same.

10.

Defendants admit that Plaintiff decided not to stay at the living quarters and drove home in December 2013.  Further, he included his drive time on his time sheets.  Defendants deny the remaining allegations in paragraph 10 and/or lack sufficient information to admit or deny those allegations and therefore deny same.

11.

Defendants lack sufficient information to admit or deny the allegations in Paragraph 11 of Plaintiff's First Amended Complaint and therefore deny same.

12.

Defendants admit that on or about December 9, 2013, Lujan exchanged text messages with Plaintiff regarding Plaintiff submitting personal travel time on his time sheets.  Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 12, including subparagraphs [a]-[c] of Plaintiff's First Amended Complaint and therefore deny same.

13.

Defendants admit that M-I terminated Plaintiff's employment, but deny the remaining allegations in Paragraph 13 of Plaintiff's First Amended Complaint.

14.

Defendants deny the allegations of Paragraph 14 in Plaintiff's First Amended Complaint.

15.

Defendants admit that Plaintiff was terminated by M-I, but deny the remaining allegations in Paragraph 15 of Plaintiff's First Amended Complaint.

16.

Defendants admit that M-I terminated Plaintiff's employment, but deny the remaining allegations in Paragraph 16 of Plaintiff's First Amended Complaint, including that Plaintiff suffered damages as a result of Defendants' actions.

17.

The allegations in Paragraph 17 of Plaintiff's First Amended Complaint contain a legal conclusion that Defendants are not required to admit or deny.  However, out of an abundance of caution, Defendants deny those allegations, as well as any and all underlying allegations, and that Plaintiff is entitled to any relief whatsoever.

18.

The allegations in Paragraph 18 of Plaintiff's First Amended Complaint contain a legal conclusion that Defendants are not required to admit or deny.  However, out of an abundance of caution, Defendants deny those allegations, as well as any and all underlying allegations, and that Plaintiff is entitled to any relief whatsoever.

19.

The allegations in Paragraph 19 of Plaintiff's First Amended Complaint contain a legal conclusion that Defendants are not required to admit or deny.  However, out of an abundance of caution, Defendants deny those allegations, as well as any and all underlying allegations, and that Plaintiff is entitled to any relief whatsoever.

20.

The allegations in Paragraph 20 of Plaintiff's First Amended Complaint contain a legal conclusion that Defendants are not required to admit or deny.  However, out of an abundance of caution, Defendants deny the allegations in Paragraph 20 of Plaintiff's First Amended Complaint, any and all underlying allegations, and that Plaintiff is entitled to any relief whatsoever.

21.

The allegations in Paragraph 21 of Plaintiff's First Amended Complaint contain a legal conclusion that Defendants are not required to admit or deny.  However, out of an abundance of caution, Defendants deny those allegations, as well as any and all underlying allegations, and that Plaintiff is entitled to any relief whatsoever.

22.

The allegations in Paragraph 22 of Plaintiff's First Amended Complaint, including Plaintiff's subparagraphs 1-4 under the heading "WHEREFORE, the Plaintiff prays," contain legal conclusions or constitute the Prayer for Relief, which Defendants are not required to admit or deny.  However, out of an abundance of caution, Defendants deny the allegations in Paragraph 22 of Plaintiff's First Amended Complaint, including Plaintiff's subparagraphs 1-4 under the heading "WHEREFORE, the Plaintiff prays," any and all underlying allegations, and that Plaintiff is entitled to any relief whatsoever, including but not limited to any general, actual, consequential, and/or punitive damages and/or an award for costs, attorney fees, interest and/or any other relief.

23.

Defendants assert that any and all material allegations in Plaintiff's First Amended Complaint that are not expressly admitted in this Answer are hereby denied, and Defendants demand strict proof thereof.

**Affirmative or Other Defenses**

Continuing with their Answer, Defendants next assert and submit the following affirmative or other defenses:

1.      Plaintiff failed to state a claim upon which relief can be granted.

2.      Some or all of the activities that Plaintiff alleges are compensable are not compensable activities under the applicable law, including but not limited to the Portal-to-Portal Act.

3.      Plaintiff has suffered no damages; in the alternative, he failed to mitigate his damages and/or his damages are subject to, or barred by, estoppel, misrepresentation, unjust

enrichment, and unclean hands. Further, Plaintiff is entitled to only one satisfaction for any allegedly unlawful action or omission.

4.      Defendants made reasonable, good faith-efforts to comply with, and not violate, the FLSA and New Mexico's Minimum Wage Act ("MWA"); any alleged FLSA and/or MWA violations were not willful; Defendants acted in good faith, with reasonable grounds for believing that its actions or inactions or omissions were not in violation of the FLSA and/or the MWA; and any complained-of act or omission was in good-faith conformity with and in reliance on applicable law.

5.      Although Defendants deny they have violated any aspect of the FLSA and/or the MWA and thus have no liability under said statutes, in the alternative, any alleged violation would be subject to the *de minimus* doctrine, which Defendants invoke.

6.      Some of Plaintiff's claims are preempted by the FLSA or otherwise.

7.      Some or all of Plaintiff's claims are barred by the applicable statutes of limitation and/or laches.

8.      Some or all of Plaintiff's claims are barred by the doctrines of comparative fault, justification, ratification, acquiescence, consent, detrimental reliance, equity, and unjust enrichment.

9.      Some or all of Plaintiff's damages are subject to set-off, offset, credit and recoupment based on previously advanced amounts/overpayments.

10.     Plaintiff has failed to mitigate his damages, or alternatively, Defendants are entitled to offset.

11.     Plaintiff was employed on an at-will basis.  Alternatively, Defendants deny that they are a party to any enforceable (implied or express) contract with Plaintiff; in the alternative,

if Defendants are deemed to be parties to a contract with Plaintiff, Defendants deny that they have breached any such contract; any breach on their part is excused by Plaintiff's prior material breach of such contract, or the fact that any such breach has been waived by Plaintiff.

12.     Any damages suffered by Plaintiff was the result of his own actions or inactions, or the result of other persons' or entities' actions or inactions and that such actions constitute an intervening cause for discharge.

13.     Any claim for punitive damages is barred because the acts and omissions, if any, of Defendants fail to rise to the level required to sustain an award of punitive damages, were not motivated by evil intent, do not evidence a malicious, knowing, oppressive, or fraudulent intent to deny Plaintiff his rights and are not so wanton and willful as to support an award of punitive damages.  Furthermore, Defendants have made a good faith effort to comply with all applicable laws.

14.     Defendants specifically reserve all defenses available under Rule 8(c) of the Federal Rules of Civil Procedure, including but not limited to failure to serve one or more Defendants and failure to properly serve one or more Defendants, and any other defense not specifically set forth herein, including the defense of accord and satisfaction.

15.     Defendants reserve the right to amend this Answer and to assert any additional affirmative defenses that may be discovered during the course of additional investigation and discovery.

**Prayer for Relief**

WHEREFORE, Defendants pray that this Answer be deemed good and sufficient, that judgment be entered in its favor after due proceedings dismissing the Complaint in its entirety and with prejudice, that Defendants be awarded all costs of litigation, including reasonable

attorney's fees, and that Defendants be awarded any other relief to which the Court finds that it is entitled.

Respectfully submitted,

Rodey, Dickason, Sloan, Akin & Robb, P.A.

By:  *Electronically Filed /s/ Jeffrey L. Lowry*
        Jeffrey L. Lowry
P.O. Box 1888
Albuquerque, New Mexico 87102
(505) 765-5900
(505) 768-7395
jlowry@rodey.com

*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of April 2014, I filed the foregoing electronically through the CM/ECF system which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

lanemartinlaw@yahoo.com - Attorney for Plaintiff

By: *ced/s/ Jeffery L. Lowry*
        Jeffrey L. Lowry